## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **STEPHANIE RILEY,**<br>**Individually and on behalf of all**<br>**others similarly situated,** | **Case No.** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **HENRY FORD HEALTH SYSTEM,** | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** | **CLASS ACTION PURSUANT TO**<br>**FED. R. CIV. P. 23** |

## <u>ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT</u>

Plaintiff Stephanie Riley brings this action individually and on behalf of all current and former hourly patient-facing care providers, who were subject to an automatic meal break pay deduction (collectively "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—Henry Ford Health System ("HFHS" or "Defendant")—anywhere in the United States, at any time from October 24, 2019 through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time and overtime wages pursuant to Michigan Workforce Opportunity Wage Act, MICH. COMP. LAWS

ANN. §§ 408.411–408.421 ("WOWA"), and the Michigan Payment of Wages Act, MICH. COMP. LAWS ANN. §§ 408.471–408.490 ("MPWA") (WOWA and the MPWA will be referred to collectively as the "Michigan Acts").

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Michigan, and FED. R. CIV. P. 23, to recover unpaid straight time and overtime wages and other applicable penalties.

2.      Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for HFHS at any time from October 24, 2019 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.      Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5.      During the relevant time period, HFHS knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6.      Specifically, HFHS's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed (and continue to perform) compensable work "off the clock" through their respective meal-period breaks.

7.      The effect of HFHS's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, HFHS has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and the Michigan Acts.

8.      Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the Michigan Acts.

9.      Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and overtime compensation and other damages owed under the Michigan Acts as a class action pursuant to FED. R. CIV. P. 23.

10.     Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11.     Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Riley designated as the Class Representative of the Michigan Class.

## II.
## THE PARTIES

12.     Plaintiff Stephanie Riley ("Riley") was employed by HFHS in Michigan during the relevant time period. Plaintiff Riley did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Stephanie Riley is attached hereto as Exhibit "A."

13.     The FLSA Collective Members are those current and former hourly patient-facing care providers who were employed by HFHS at any time from October 24, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Riley worked and was paid.

14.     The Michigan Class Members are those current and former hourly patient-facing care providers who were employed by HFHS in Michigan, at any time from October 24, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Riley worked and was paid.

15.     Defendant Henry Ford Health System is a domestic not for profit corporation, licensed to and doing business in the State of Michigan, and may be served through its registered agent for service of process: **Michelle Johnson Tidjani, HFHS Governance Office, One Ford Place 5B, Detroit, Michigan 48202-3450.**

## III.
## JURISDICTION & VENUE

16.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17.     This Court has supplemental jurisdiction over the additional Michigan state law claims pursuant to 28 U.S.C. § 1367.

18.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19.     This Court has general personal jurisdiction over HFHS because Michigan qualifies as its home state.

20.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District of Michigan because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21.     Additionally, HFHS's corporate headquarters are in Detroit, Michigan, which is located within this District and Division.

**IV.**
**BACKGROUND FACTS**

22.     Defendant HFHS operates several healthcare facilities providing healthcare services to its patients throughout the State of Michigan.[2]

23.     To provide its services, HFHS employed (and continues to employ) numerous hourly patient-facing care providers—including Plaintiff and the individuals that make up the putative collective and class.

24.     Plaintiff and the Putative Collective/Class Members were employed by HFHS as non-exempt, patient-facing care providers who had a meal break automatically deducted from their daily time.

---

[2] https://www.henryford.com/locations.

25.    Plaintiff and the Putative Collective/Class Members job titles include (but are not limited to): Nurse Aide, Certified Medical Assistant, Registered Nurse, Certified Nurse Assistant, Patient Care Assistant, and Licensed Practical Nurse.

26.    Plaintiff and the Putative Collective/Class Members' job duties include assisting with treatments ordered by doctors, assisting medical professionals, interviewing patients, measuring vital signs, recording patient information, assessing patients, answering phones, checking on patients, answering patient questions, and more generally providing direct care for HFHS's patients.

27.    While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout HFHS's facilities.

28.    Importantly, none of the FLSA exemptions relieving a covered employer (such as HFHS) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29.    Plaintiff Riley was employed by HFHS in Jackson, Michigan from approximately May of 1985 until October of 2021.

30.    Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below,

the policies (and practices) of HFHS resulting in the complained of FLSA and Michigan state law violations.

31.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all provide patient-facing healthcare services on behalf of HFHS.

32.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and have at least a 30-minute meal break deducted automatically.

33.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of HFHS resulting in the complained of FLSA and Michigan state law violations.

34.     Plaintiff and the Putative Collective/Class Members were typically scheduled to work three (3) or four (4) shifts a week, which equates to thirty-six (36) or forty-eight (48) hours per week—these are referred to as "on-the-clock" hours.

35.     In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between one- and one-half to two hours "off-the-clock" per week and have not been compensated for that time.

36.     If a Plaintiff or Putative Collective/Class Members' shift lasted longer than twelve (12) hours, then HFHS automatically deducts two 30-minute meal periods for that day, totaling an hour of unpaid time.

37.     HFHS has a policy to automatically deduct at least one, and up to two, 30-minute meal periods from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

38.     Specifically, non-exempt employees, such as Plaintiff and the Putative Collective/Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift.

39.     HFHS automatically deducts one full hour for a meal period from Plaintiff and the Putative Collective/Class Members' hours worked if they work more than a twelve-hour shift.

40.     Despite automatically deducting up to an hour of time from Plaintiff and the Putative Collective/Class Members' daily time, HFHS does not completely relieve Plaintiff and the Putative Collective/Class Members from duty during their shift for the purposes of taking their meal break(s).

41.     HFHS's policies require Plaintiff and the Putative Collective/Class Members to assist patients whenever a patient requests or needs assistance, even if on an unpaid meal break.

42.     Plaintiff and the Putative Collective/Class Members are prohibited from ignoring patients in need of help pursuant to HFHS's policies.

43.     Plaintiff and the Putative Collective/Class Members are required to perform duties, whether active or inactive, during all hours of their shift.

44.     Due to these requirements, Plaintiff and the Putative Collective/Class Members are frequently unable to receive sufficient time to have an uninterrupted meal break due to their constant patient calls and duties.

45.     HFHS was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the Michigan Acts.

46.     HFHS's systematic deduction of 30 to 60 minutes each day from Plaintiff and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the Michigan Acts.

47.     Specifically, when Plaintiff and Putative Collective/Class Members worked three (3) twelve-hour shifts in a week and did not receive a meal break during any shift, HFHS's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half hours of compensable straight time work.

48.     When Plaintiff and the Putative Collective/Class Members worked four (4) twelve-hour shifts in a week and did not receive a meal break during any shift,

HFHS's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours of compensable overtime work.

49.     As a result of HFHS's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the Michigan Acts.

50.     HFHS knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

51.     HFHS knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

52.     HFHS knew or should have known that automatically deducting thirty minutes to one hour for a meal break, while it simultaneously caused and required Plaintiff and the Putative Collective/Class Members to perform necessary during that meal break while "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

53.     Because HFHS did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, HFHS's pay policies and practices willfully violated (and continue to violate) the FLSA.

54.     Because HFHS did not pay Plaintiff and the Putative Collective/Class Members for all straight time and overtime hours worked, HFHS's pay policies and practices violated (and continue to violate) the Michigan Acts.

55.     Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time and overtime pursuant to the Michigan Acts.

**V.**
**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

56.     The preceding paragraphs are incorporated as though fully set forth herein.

57.     The "FLSA Collective" is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR HENRY FORD HEALTH SYSTEM, AT ANY TIME FROM OCTOBER 24, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO**

**AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

58. At all material times, HFHS has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59. At all material times, HFHS has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

60. At all material times, HFHS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

61. Specifically, HFHS operates numerous health care facilities in Michigan, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

62.    During the respective periods of Plaintiff and the FLSA Collective Members' employment by HFHS, these individuals provided services for HFHS that involved interstate commerce for purposes of the FLSA.

63.    In performing work for HFHS, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

64.    Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted HFHS's customers and employees throughout the United States. 29 U.S.C. § 203(j).

65.    At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

66.    The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 57.

67.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of HFHS.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

68.      HFHS violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

69.      Moreover, HFHS knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

70.      HFHS knew or should have known its pay practices were in violation of the FLSA.

71.      HFHS is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

72.      Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted HFHS to pay them according to the law.

73.     The decision and practice by HFHS to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

74.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

75.     All previous paragraphs are incorporated as though fully set forth herein.

76.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of HFHS's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

77.     Other similarly situated employees of HFHS have been victimized by HFHS's patterns, practices, and policies, which are in willful violation of the FLSA.

78.     The FLSA Collective Members are defined in Paragraph 57.

79.     HFHS's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of HFHS's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

80.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

81.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

82.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

83.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

84.     Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and HFHS will retain the proceeds of their violations.

85.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

86.     Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 57.

**<u>COUNT TWO</u>**
**(Class Action Alleging Violations of the Michigan Acts)**

## A.     MICHIGAN ACTS COVERAGE

87.     The preceding paragraphs are incorporated as though fully set forth herein.

88.     Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

89.     The Michigan Class is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR HENRY FORD HEALTH SYSTEM, IN THE STATE OF MICHIGAN AT ANY TIME FROM OCTOBER 24, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("Michigan Class" or "Michigan Class Members").**

90.     At all times hereinafter mentioned, HFHS has been an "employer" within the meaning of the Michigan Acts. *See* MICH. COMP. LAWS ANN. §§ 408.412(d); 408.471(d).

91.     At all times hereinafter mentioned, Plaintiff Riley and the Michigan Class Members have been "employees" within the meaning of the Michigan Acts. *See* MICH. COMP. LAWS ANN. §§ 408.412(c); 408.471(c).

92.     Plaintiff Riley and the Michigan Class Members were or have been employed by HFHS and have been covered employees entitled to the protections of the Michigan Acts and were not exempt from the protections of the Michigan Acts.

93.     The employer, HFHS, is not exempt from paying overtime benefits under the Michigan Acts.

## B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MICHIGAN ACTS

94.     All previous paragraphs are incorporated as though fully set forth herein.

95.     The Michigan Acts require that employees, including Plaintiff Riley and the Michigan Class Members, receive wages for all hours worked within at least bi-monthly increments. *See* MICH. COMP. LAWS ANN. §§ 408.471(f), 408.472.

96.     The Michigan Acts also require that employees, including Plaintiff Riley and the Michigan Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* MICH. COMP. LAWS ANN. § 408.414a.

97.     Pursuant to MICH. COMP. LAWS ANN. § 408.417 "An employer who is subject to this act or any regulation or order issued under this act shall furnish each employee with a statement of the hours worked by the employee and of the wages paid to the employee, listing deductions made each pay period."

98.     Plaintiff Riley and the Michigan Class Members were or have been employed by HFHS and have been covered employees entitled to the protections of Michigan Acts.

99.     HFHS is an employer covered by the requirements set forth in Michigan

Acts.

100.    Plaintiff Riley and the Michigan Class Members are not exempt from receiving the overtime benefits under the Michigan Acts.

101.    Plaintiff Riley and the Michigan Class Members worked for HFHS but were not paid for all hours worked within the timeframe required by the Michigan Acts.

102.    Specifically, HFHS did not pay Plaintiff Riley or the Michigan Class Members at all for their hours spent performing work off-the-clock.

103.    Plaintiff Riley and the Michigan Class Members worked more than forty (40) hours in workweeks during times relevant to this case.

104.    However, HFHS violated the Michigan Acts by failing to pay them their appropriate overtime wage for all hours worked in excess of forty (40) hours in a workweek.

105.    Specifically, HFHS failed to pay them for their off-the-clock work.

106.    Further, HFHS, did not pay Plaintiff Riley and the Michigan Class Members all wages due to them, nor did it provide Plaintiff Riley and the Michigan Class Members with a compliant wage statement listing the correct amount of work hours and pay for each pay period.

107.    Plaintiff Riley and the Michigan Class Members have suffered damages and continue to suffer damages as a result of HFHS's acts or omissions as described

herein; though HFHS is in possession and control of necessary documents and information from which Michigan Class Members would be able to precisely calculate damages.

108.    In violating the Michigan Acts, HFHS acted willfully, without a good faith basis, and with reckless disregard of applicable Michigan law.

109.    HFHS is liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees.

110.    Additionally, HFHS is also liable for an amount equal Plaintiff Riley and the Michigan Class Members unpaid wages as liquidated damages. *See* MICH. COMP. LAWS ANN. § 408. 419(a).

111.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Michigan Acts, is defined in Paragraph 89.

112.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of HFHS.

## C.    MICHIGAN CLASS ALLEGATIONS

113.    Plaintiff Riley and the Michigan Class Members brings their Michigan Acts claim as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by HFHS to work in Michigan since October 24, 2019.

114.    Class action treatment of Plaintiff Riley and the Michigan Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

115.    The number of Michigan Class Members is so numerous that joinder of all class members is impracticable.

116.    Plaintiff Riley's Michigan state-law claims share common questions of law and fact with the claims of the Michigan Class Members.

117.    Plaintiff Riley is a member of the Michigan Class, her claims are typical of the claims of other Michigan Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Michigan Class Members.

118.    Plaintiff Riley and her counsel will fairly and adequately represent the Michigan Class Members and their interests.

119.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

120.    Accordingly, the Michigan Class should be certified as defined in Paragraph 89.

## VI.
## RELIEF SOUGHT

121.   Plaintiff Riley respectfully prays for judgment against HFHS as follows:

a.      For an Order certifying the FLSA Collective as defined in ¶ 57;

b.      For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to § 16(b) of the FLSA finding HFHS liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order certifying the Michigan Class as defined in ¶ 89, and designating Plaintiff Riley as Representative of the Michigan Class;

e.      For an Order pursuant to the Michigan state law awarding Plaintiff Riley and the Michigan Class Members damages for unpaid wages and all other damages allowed by law;

f.      For an Order awarding the costs of this action;

g.      For an Order awarding attorneys' fees;

h.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.    For an Order awarding Plaintiff Riley a service award as permitted by law;

j.    For an Order compelling the accounting of the books and records of HFHS, at HFHS's expense, should discovery prove inadequate; and

k.    For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 24, 2022        Respectfully submitted,

By:    */s/ Jennifer McManus*
    **Jennifer McManus** (P65976)
    jmcmanus@faganlawpc.com
    **FAGAN MCMANUS, P.C.**
    25892 Woodward Avenue
    Royal Oak, Michigan
    Telephone: (248) 658-8951

    **Clif Alexander**
    Texas Bar No. 24064805
    clif@a2xlaw.com
    **Austin W. Anderson**
    Texas Bar No. 24045189
    austin@a2xlaw.com
    **ANDERSON ALEXANDER, PLLC**
    819 N. Upper Broadway
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

    ***Counsel for Plaintiff and Putative Collective/Class Members***

## <u>PLAINTIFF'S DEMAND FOR JURY TRIAL</u>

NOW COMES the above-named Plaintiff, by and through her attorneys, ANDERSON ALEXANDER, PLLC AND FAGAN MCMANUS, P.C., and hereby demands trial by jury on the above matter.

Date: October 24, 2022                    Respectfully submitted,

By:    */s/ Jennifer McManus*

**Jennifer McManus** (P65976)
jmcmanus@faganlawpc.com
**FAGAN MCMANUS, P.C.**
25892 Woodward Avenue
Royal Oak, Michigan
Telephone: (248) 658-8951

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and Putative
Collective/Class Members***