# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE RILEY,
Individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,

    Defendant.

Case No: 2:22-cv-12555

Hon. Laurie J. Michelsen

Mag. Judge Elizabeth A. Stafford

| | |
|---|---|
| Jennifer McManus (P65976)<br>FAGAN McMANUS, P.C.<br>25892 Woodward Avenue<br>Royal Oak, MI 48067<br>(248) 658-8951<br>jmcmanus@faganlawpc.com<br><br>Clif Alexander<br>Texas Bar No. 24064805<br>Austin W. Anderson<br>Texas Bar No. 24045189<br>ANDERSON ALEXANDER, PLLC<br>101 N. Shoreline Blvd., Suite 610<br>Corpus Christi, TX 78401<br>(361) 452-1279<br>team@a2xlaw.com<br><br>Attorneys for Plaintiff | Allan S. Rubin (P44420)<br>Daniel C. Waslawski (P78037)<br>JACKSON LEWIS P.C.<br>2000 Town Center, Ste. 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>Allan.Rubin@jacksonlewis.com<br>Daniel.Waslawski@jacksonlewis.com<br><br>Robert A. Farr (P61597)<br>Henry Ford Health System<br>Office of General Counsel<br>One Ford Place, Room 4B<br>Detroit, MI 48202<br>(248) 703-0662<br>Rfarr1@HFHS.org<br>(248) 703-0662<br><br>Attorneys for Defendant |

## FIRST ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Stephanie Riley (hereinafter "Riley" or the "Named Plaintiff") and Defendant Henry Ford Health System ("HFHS" or "Defendant"), hereby enter this Addendum to modify the Settlement Agreement and Release executed by the Parties on May 17, 2023. Pursuant to

Paragraph 26 of the Settlement Agreement, the following sections will be modified as set forth herein:

It is hereby agreed as follows:

1. Paragraph 9 of the Settlement Agreement is deleted and replaced with the following:

### DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL AND BEFORE A DISMISSAL WITH PREJUDICE

9. Within 14 days of execution of this Settlement Agreement, Plaintiffs shall file an Unopposed Motion for Approval of Settlement, Attorneys' Fees and Costs, and Service Awards, that includes a Proposed Approval Order, substantially in the form attached as Exhibit A. Although this will be Plaintiffs' motion and Plaintiffs' responsibility to draft, the Parties will cooperate in the preparation of the Motion.

Additionally, should the Court approve the terms of the Settlement and authorized Notice:

a. The Parties, together with the Settlement Administrator, shall ensure that the process identified in Paragraph 11 of the Settlement Agreement is followed.

b. Within fifteen (15) days after the close of the 60-day Notice Period, Collective Counsel shall file a Notice of Settlement Participation, identifying all Plaintiffs who Opted-In to this Action and attaching the Opt-In Claim Forms and/or images of the endorsement contained on their Settlement Check and filing either the Opt-In Forms or Images of their Endorsement with the Court.

c. Collective Counsel will also file a proposed Order acknowledging that those individuals identified in the Notice of Settlement Participation are party plaintiffs pursuant to 29 U.S.C. § 216(b) and dismissing this action with prejudice.

2. Paragraph 12 of the Settlement Agreement is deleted and replaced with the following in its entirety with the following:

12. **Notice to the Collective Members.**

a. The Settlement Administrator will send the Court-approved Notice of Collective Action Settlement, Opt-In Claim Form, and the settlement check, (together "Notice Packet"), including any modifications at the direction of the Court, to the Collective Members, by first-class mail within fourteen (14) days of receipt of the Collective List.

b. Collective Members will have sixty (60) days after the Notice is first mailed to return their Opt-In Claim Form and/or cash their respective settlement checks ("Notice Period").

c. Within ten (10) days of the close of the Notice Period, the Settlement Administrator will provide Collective Counsel and Defendant's Counsel with a list identifying all individuals who either returned their Opt-In Claim Form and/or cashed their respective settlement checks. The Settlement Administrator shall also provide copies of the Opt-In Claim Forms and endorsement images to Collective Counsel for filing with the Court. Collective Counsel will file all Opt-In forms and endorsement images with the Court withing five business days of receipt.

3. Paragraph 13 of the Settlement Agreement is deleted and replaced with the follow:

   13.  **Claims: Binding Effect**

   a. Each Settlement Check shall include an endorsement that states as follows: I acknowledge that I have read the Notice of Settlement ("Notice") and understand that by endorsing and depositing this check, I (1) consent to join *Riley v. Henry Ford Health,* Case No. 2-22-cv-1255 (E.D, Mich.) as a party-plaintiff, (2) accept the settlement terms, and (3) agree to be bound by the Release described in the Notice.

   b. All Collective Members who cash their respective settlement checks and/or return their Opt-In Claim Form shall be bound by the final approval order, the judgment, and the releases set forth in this Agreement. The Settlement Administrator shall provide counsel for the parties a list of all persons who both cashed and who did not cash the Settlement Checks. The list of persons who cashed Settlement Checks and/or returned their Opt-In Claim Form shall be filed with the Court before the issuance of a final judgment and shall be the final opt-in list.

   c. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the

*First Addendum to Settlement Agreement*
3

settlement, or appeal from any order of the Court that is consistent with the terms of this settlement, or discourage participation in the settlement claims process; however, Collective Counsel may advise Collective Members how to assert their right or provide other advice as required to comply with Collective Counsel's ethical obligations.

4. Paragraph 20 of the settlement Agreement is modified in part as follows:

   a. Paragraph 20(a)(i) shall be deleted and replaced with the following:

      i. Within ten (10) calendar days of the day the Court enters an order approving the terms of the Settlement Agreement in a form similar to the one attached as Exhibit A,[1] HFHS shall wire transfer to the Settlement Administrator the Total Settlement Amount.

   b. Paragraph 20(a)(ii) shall be deleted and replaced with the following:

      ii. The Settlement Administrator shall mail the Notice Packets and payments by check to all Collective Members within ten (10) calendar days of the funding date.

   c. Paragraph 20(b) shall be deleted and replaced with the following:

      b. Settlement Collective Members shall have sixty (60) calendar days after the date of mailing to cash their settlement checks and/or return their Opt-In Claim Form. Any uncashed check issued by HFHS to Settlement Collective Members after that date shall revert to HFHS. The Settlement Administrator shall refund any uncashed checks from the QSF to HFHS within 30 days.

5. The following Exhibits to the settlement are deleted: Exhibit A (Proposed Order) and Exhibit B (Notice). They are replaced with the Exhibit A (Amended Proposed Approval Order) and Exhibit B (Amended Notice) in their entirety. In addition, the following Exhibit to the Settlement Agreement is added: Exhibit C (Opt-In Form).

---

[1] The Proposed Order is attached as Exhibit A.

6. Any provision of the Settlement Agreement not specifically modified by this Addendum shall remain in full force and effect.

7. This Addendum may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Addendum, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine, scanned signatures in Portable Document Format sent by email, or by electronic signature through DocuSign shall be deemed original signatures.

In witness whereof, the Parties have executed this Agreement as of the date set forth below.

Dated: Jun 8, 2023                                *Stephanie Riley*
                                                  Stephanie Riley (Jun 8, 2023 09:56 EDT)
                                                  Stephanie Riley, Plaintiff

Dated: 6/8/23                                     *Robt Farr*
                                                  Robert Farr, Senior Counsel
                                                  Henry Ford Health System

Approved as to form:

Dated: _____                            _____
                                                  Collective Counsel

Dated: 6/8/23                                     _____
                                                  Defendant's Counsel

6.  Any provision of the Settlement Agreement not specifically modified by this Addendum shall remain in full force and effect.

7.  This Addendum may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Addendum, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine, scanned signatures in Portable Document Format sent by email, or by electronic signature through DocuSign shall be deemed original signatures.

In witness whereof, the Parties have executed this Agreement as of the date set forth below.

Dated: _____          _____
                                         Stephanie Riley, Plaintiff

Dated:  6/8/23                           *Robert Farr* _____
                                         Robert Farr, Senior Counsel
                                         Henry Ford Health System

Approved as to form:

Dated:  Jun 8, 2023                      _____
                                         Clif Alexander (Jun 8, 2023 08:50 CDT)
                                         Collective Counsel

Dated:  6/8/23                           _____
                                         Defendant's Counsel

**Exhibit A
Amended Approval Order**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE RILEY,
Individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,

    Defendant.

Case No: 2:22-cv-12555

Hon. Laurie J. Michelsen

Mag. Judge Elizabeth A. Stafford

| | |
|---|---|
| Jennifer McManus (P65976)<br>FAGAN McMANUS, P.C.<br>25892 Woodward Avenue<br>Royal Oak, MI 48067<br>(248) 658-8951<br>jmcmanus@faganlawpc.com<br><br>Clif Alexander<br>Texas Bar No. 24064805<br>Austin W. Anderson<br>Texas Bar No. 24045189<br>ANDERSON ALEXANDER, PLLC<br>101 N. Shoreline Blvd., Suite 610<br>Corpus Christi, TX 78401<br>(361) 452-1279<br>team@a2xlaw.com<br><br>Attorneys for Plaintiff | Allan S. Rubin (P44420)<br>Daniel C. Waslawski (P78037)<br>JACKSON LEWIS P.C.<br>2000 Town Center, Ste. 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>Allan.Rubin@jacksonlewis.com<br>Daniel.Waslawski@jacksonlewis.com<br><br>Robert A. Farr (P61597)<br>Henry Ford Health System<br>Office of General Counsel<br>One Ford Place, Room 4B<br>Detroit, MI 48202<br>(248) 703-0662<br>Rfarr1@HFHS.org<br>(248) 703-0662<br><br>Attorneys for Defendant |

## [PROPOSED] ORDER APPROVING SETTLEMENT AND DISMISSAL OF LAWSUIT WITH PREJUDICE

After a review of Plaintiffs' Unopposed Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, the Settlement Agreement, and the Declarations of

Plaintiffs' Counsel, the Court is satisfied that the settlement reached is a "fair and reasonable resolution of a bona fide dispute" under the Fair Labor Standards Act. *See, e.g., Dillworth et. al. v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *9 (N.D. Ohio Mar. 8, 2010); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); 29 U.S.C. § 216.

It is therefore this ____ day of ____ 2023 Ordered and Adjudged as follows:

1. The Proposed Settlement is APPROVED, including, but not limited to, the Service Awards, attorneys' fees and costs to Plaintiffs' Counsel, and Notice Process.

2. That for purposes of settlement a FLSA collective action is certified, consisting of the following:

> The "Settlement Class" or the "Class" consists of all current and former Medical Assistants ("MAs"), Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), and any other employees who worked in any facility or in any position where a currently named Plaintiff or Opt-In Plaintiff worked, who were paid on an hourly basis, employed by Henry Ford Health System, who did not work in Henry Ford's Corporate Office Division or for Health Alliance Plan ("HAP"), anywhere in the United States, at any time from October 24, 2019 through the final disposition of this matter ("Putative Collective Members"), and all current and former employees of HFHS who previously filed a consent to join this Lawsuit (i.e., the Named Plaintiff and the Opt-Ins). The Settlement Class shall not include any persons who did not work for HFHS.

IT IS FURTHER ORDERED that:

- All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Parties' Settlement Agreement;

- Rust Consulting, Inc. will serve as "Settlement Administrator" in providing notice, claim process and administration services under the Settlement Agreement;

- Named Plaintiff is appointed as representative for the Settlement Class; and

- Plaintiffs' Counsel (Jennifer McManus (P65976) of Fagan McManus, P.C. and Clif Alexander and Austin W. Anderson of Anderson Alexander, PLLC are approved as Collective Counsel for the Settlement Collective.

IT IS FURTHER ORDERED that the form and content of the Notice of Proposed Settlement attached to the Motion to Approve Settlement are adequate, proper, comport with Due Process, and they are hereby approved and authorized for distribution to Class Members;

IT IS FURTHER ORDERED that Counsel for the Parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, moderate extensions of time that do not alter effective dates, and minor changes to other exhibits that they jointly agree are reasonable or necessary.

IT IS FURTHER ORDERED that Collective Counsel file a Notice of Participation identifying all individuals who returned an Opt-In Claim Form and/or cashed their Settlement Check and attaching the Opt-In Claim Form or check imaging within fifteen (15) days of the close of the Notice Period. After that time, this Court will dismiss this action with prejudice.

                                                        Hon. Laurie J. Michelsen
                                                        United States District Judge

**Exhibit B**
**Amended Notice**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE RILEY,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>HENRY FORD HEALTH SYSTEM,<br><br>*Defendant.* | § § § § § § § § § § § § | Civil Action No. 2:22-cv-12555<br><br>COLLECTIVE ACTION<br>UNDER 29 U.S.C. § 216(b) |

*A federal Court authorized this notice. This is not a solicitation from a lawyer.*

### NOTICE OF COLLECTIVE ACTION SETTLEMENT

You are receiving this Notice because you worked for Henry Ford Health System ("Henry Ford" or "Defendant") as a current or former employee of Henry Ford who, according to Henry Ford's records, worked as a Medical Assistant ("MA"), Registered Nurse ("RN"), Licensed Practical Nurses ("LPN"), or a similar patient-facing role at any time, at any time from October 24, 2019 through March 22, 2023 ("Putative Collective Members"), or already joined the Lawsuit.

This Notice involves settlement of a lawsuit which alleged that Defendant's Medical Assistants, Registered nurses, Licensed Practical Nurses, and other employees in similar patient-facing roles were not paid for all hours worked over forty (40) hours in a single workweek, and as a result, were denied overtime wages in violation of the federal Fair Labor Standards Act ("FLSA"). Defendant maintains that it has always complied with all relevant laws, including the FLSA and all state wage and hour laws.

The purpose of this Notice is to inform you of the settlement terms and your rights and options in connection with the Settlement.

### YOUR LEGAL RIGHTS AND OPTIONS

| ENDORSE AND NEGOTIATE YOUR SETTLEMENT CHECK | If you return the attached Opt-In Claim Form and/or endorse the back of the Settlement Check and deposit (or otherwise negotiate) it, you will be a Settlement Collective Member and will be bound by the terms of the Settlement Agreement, including the Release, as identified in this Notice.<br><br>The Opt-In Claim Form must be returned by [deadline] or the Settlement Check must be endorsed and negotiated by [deadline] or it will be voided and the funds will revert to Henry Ford. |
|---|---|
| DO NOTHING | If you do not return the Opt-In Claim Form or endorse and negotiate your Settlement Check, you will not participate in the settlement or release any claims. |

## WHAT THIS NOTICE CONTAINS

Why did I get this notice?......................................................................[insert page #s]

What is this Lawsuit about?...................................................................[insert page #s]

What are the Settlement terms? ............................................................[insert page #s]

How can I claim my payment? ..............................................................[insert page #s]

How long do I have to cash my check? .................................................[insert page #s]

Will I owe any taxes?.............................................................................[insert page #s]

What rights am I giving up by negotiating my Settlement Check?........[insert page #s]

Do I have to pay any attorney's fees or other costs? .............................[insert page #s]

Where do I find more information? ......................................................[insert page #s]

Who do I contact if I have further questions?.......................................[insert page #s]

Time Sensitive Settlement Check .........................................................[insert page #s]

## Why did I get this Notice?

You have been identified as part of a group of employees who worked for Defendant as [insert job titles covered by settlement], at any time between October 24, 2019 through March 22, 2023, or already joined the Lawsuit.

On [insert date of approval], the Court overseeing the Lawsuit approved a Settlement and ordered that this Notice be sent to all current and former Medical Assistants, Registered nurses, Licensed Practical Nurses, and other employees in similar patient-facing roles who worked for Defendant and were identified as being a part of the Settlement. This Notice explains what you can get from the Settlement and what rights are affected.

Under the terms of the Settlement, you are entitled to receive a payment in the amount included in the Settlement Check, which is enclosed with this Notice. Defendant will not and cannot retaliate against you for participation or non-participation in this Settlement.

## What is the Lawsuit about?

This Lawsuit alleges that, in violation of federal and state law, Henry Ford failed to pay its employees for all hours worked and that as a result, such employees have not been paid wages, including overtime, to which they were entitled under the law. This Lawsuit sought on your behalf, damages from Defendant for the alleged unpaid wages, including overtime wages, liquidated damages and other applicable penalties or interest, and payment by Defendant of Plaintiff's attorneys' fees and expenses.

Defendant denies any liability or wrongdoing of any kind. Nonetheless, to avoid the costs and uncertainty of litigation, Defendant has agreed to create a Settlement Fund from which you will be paid, if you timely endorse and deposit (or otherwise negotiate) your Settlement Check.

## What are the Settlement terms?

The Settlement Agreement requires that Defendant create a Settlement Fund of $800,000.00 from which the amount remaining after payment of Court-approved attorneys' fees, costs, and any service award to the Named Plaintiff (the "Net Settlement Fund"), will be made available to all Collective Members. Each Collective Member's share of the settlement will be calculated using a formula that will divide the Net Settlement Fund on a *pro rata* basis, calculated using a formula that will allocate the Net Settlement Fund depending on the number of weeks worked during the relevant time-period. All determinations about hours worked will be based upon Defendant's records.

Named Plaintiff Riley will receive a $2,500.00 service award in addition to his share of the Net Settlement Fund.

## How can I claim my payment?

You can claim your payment under this agreement by endorsing and depositing (or otherwise negotiating) the Settlement Check enclosed with this Notice.

*First Addendum to Settlement Agreement*
13

The gross amount you are entitled to under the Settlement Agreement is: [insert amount]. The Settlement Check includes payment for this amount, less any tax withholdings, and is enclosed with this Notice of Settlement.

### How long do I have to cash my check?

Your Settlement Check will have a date on it. The settlement checks will be valid for **60 calendar days** from the date on the check.

If you lose your check or it is damaged in the mail, contact Collective Counsel whose information is below. You may be able to have it reissued, provided you ask within the 90-day time period.

If you do not cash your check within **60 calendar days** of the date it was issued, your check will be **void** and will be returned to Defendant.

### Will I owe any taxes?

The settlement payment amount you receive will be divided between one-half wage income subject to normal payroll tax withholding and W-2 reporting, and one-half non-wage income not subject to withholding and reported by IRS Form 1099-MISC. The payroll deductions will have been taken out of the one-half wages portion of your settlement check. If you have questions about the tax consequences of the payment to you, you should consult with an accountant or other tax advisor. Collective Counsel cannot provide tax advice.

Defendant has not made any representations regarding the taxability of any payments made pursuant to this Settlement Agreement. As a result, by accepting the settlement, you will be solely responsible for the timely payment of all taxes owed, if any, which have been due, or which may become due to any governmental authority from receipt of any funds received from Defendant pursuant to this Settlement Agreement.

### What rights am I giving up by returning the Opt-In Claim Form or negotiating my Settlement Check?

If you return the Opt-In Claim Form or deposit or otherwise negotiate your Settlement Check, you agree to Release the Released Claims defined below:

> "Released Claims" means all claims, rights, demands, liabilities and causes of action you have or may perceive yourself to have under against the Released Parties under all federal, state, and local wage laws, including, but not limited to, the Fair Labor Standards Act ("FLSA"), the Michigan Improved Workforce Opportunity Wage Act, the Michigan Payment of Wages and Fringe Benefit Act, any local rule or ordinance, claims under the theory of contract, *quantum meruit,* and/or any other state, federal, or local law related to

the payment of wages, benefits, liquidated damages, punitive damages, or any other form of damage from the beginning of time through the date of approval of the settlement.

"Released Parties" means Defendant Henry Ford Health System and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers.

Your release of claims will only be effective if you endorse and deposit or otherwise negotiate your Settlement Check. If you do not return your Opt-In Claim Form or endorse and deposit or otherwise negotiate your Settlement Check, you will not receive your payment, but you will not release any claims.

If you return your Opt-In Claim Form or deposit or otherwise negotiate your Settlement Check, Collective Counsel will file your Opt-In Claim Form and/or image of your endorsement of your Settlement Check with the Court. This will add you to the Settlement Collective and and release your claims against the Released Parties.

### Do I have to pay any attorney's fees or other costs?

No. Your settlement share will not be reduced in any way by the amounts, if any, awarded to the attorneys in the Lawsuit to be paid by Defendant out of the Settlement Fund.

As part of the Settlement, the Court appointed Clif Alexander and Austin W. Anderson of ANDERSON ALEXANDER, PLLC and Jennifer McManus of FAGAN MCMANUS, P.C. as the attorneys for the Collective Members in this case ("Collective Counsel").

Under the Settlement, Defendant is required to pay Collective Counsel in this case. The Court has approved an award of attorneys' fees, costs, and litigation expenses to account for the time and money invested in this action. Payment of attorneys' fees and costs will be made from the Settlement Fund. To date, Collective Counsel has been prosecuting the Lawsuit, without being paid, while advancing the costs and expenses of litigation on behalf of the Collective Members.

The Settlement is being administered by Rust Consulting, Inc. The Settlement Administrator will be paid by HFHS. The address and contact information for counsel for the Parties is:

| *Collective Counsel* | *Defense Counsel* |
|---|---|
| **Anderson Alexander, PLLC** | **Jackson Lewis P.C.** |
| Clif Alexander | Allan S. Rubin (P44420) |
| Austin W. Anderson | Daniel C. Waslawski (P78037) |
| 101 N. Shoreline Blvd., Suite 610 | 2000 Town Center, Suite 1650 |
| Corpus Christi, Texas 78401 | Southfield, Michigan 48075 |

(361) 452-1279  
team@a2xlaw.com

**Fagan McManus, P.C.**  
Jennifer McManus (P65976)  
25892 Woodward Avenue  
Royal Oak, Michigan  
(248) 542-6300  
jmcmanus@faganlaw.com

(248) 936-1900  
allan.rubin@jacksonlewis.com  
daniel.waslawski@jacksonlewis.com

| **Where do I find more information?** |

This Notice is only a summary of the Lawsuit and the Settlement. For a more detailed statement of the Lawsuit or Settlement, you may refer to the pleadings, the Settlement Agreement, and the other papers filed in the Lawsuit, which may be requested from Collective Counsel. You also may obtain copies of this Notice and/or the Settlement Agreement or further information regarding the Settlement from Collective Counsel at the phone number or email address provided above.

Please direct all inquiries regarding the settlement, procedures, or address updates to the Settlement Administrator who has been retained to address those inquiries, at [TPA CONTACT PHONE] or [TPA EMAIL].

| **Who do I contact if I have further questions?** |

All questions or inquiries regarding this Notice and/or Settlement, including the amounts payable to you, settlement procedures or deadlines, or address updates, should be directed to the Settlement Administrator at: at [TPA CONTACT PHONE] or [TPA EMAIL]. If your question involves a request for legal advice, you may contact Collective Counsel at the phone numbers or addresses listed in this Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES**

4884-4630-5896, v. 2

**Exhibit C**
**Opt-In Form**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE RILEY,
Individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,

    Defendant.

Case No: 2:22-cv-12555

Hon. Laurie J. Michelsen

Mag. Judge Elizabeth A. Stafford

## OPT-IN CLAIM FORM

I have reviewed the attached Notice of Collective Action Settlement ("Notice") and this Consent Form. I consent to join in the settlement and be represented by the Named Plaintiff, and her counsel pursuant to 29 U.S.C. § 216(b). I also affirm that I have read and understand the Notice, agree to the release of claims as described in the Notice, and agree to be legally bound by the terms of the Notice. Specifically, I agree to release all rights, demands, liabilities and causes of action I have or may perceive myself to have under against the Released Parties[2] under all federal, state, and local wage laws, including, but not limited to, the Fair Labor Standards Act ("FLSA"), the Michigan Improved Workforce Opportunity Wage Act, the Michigan Payment of Wages and Fringe Benefit Act, any local rule or ordinance, claims under the theory of contract, quantum meruit, and/or any other state, federal, or local law related to the payment of wages, benefits, liquidated damages, punitive damages, or any other form of damage from the beginning of time through the date of approval of the settlement.

**PLEASE SIGN BELOW:**

_____
Signature

_____, 2022

_____
Printed Name

4884-4630-5896, v. 2

---

[2] "Released Parties" means Defendant Henry Ford Health System and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers.

*First Addendum to Settlement Agreement*
18